UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT TYRONE WILLIAMS (#297556)**             CIVIL ACTION

**VERSUS**

**RICHARD L. STALDER, ET AL.**             NO. 07-0963-B-M2

<u>**NOTICE**</u>

    Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

    In accordance with 28 U.S.C. § 636(b)(1), you have ten (10) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 10 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

    ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.

    Signed in chambers in Baton Rouge, Louisiana, November 7, 2008.

                              **MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**ROBERT TYRONE WILLIAMS (#297556)**                                      **CIVIL ACTION**

**VERSUS**

**RICHARD L. STALDER, ET AL.**                                                **NO. 07-0963-B-M2**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter comes before the Court on the defendants' motion to dismiss and motion for partial summary judgment, rec.doc.nos. 40 and 41. These motions are opposed.

The pro se plaintiff, an inmate confined at the Louisiana State Penitentiary ("LSP"), Angola, Louisiana, brought this action pursuant to 42 U.S.C. § 1983 against Secretary Richard L. Stalder, Warden Burl Cain, Dr. Singh, Dr. Mai Tran, Dr. S. Huffman and Dr. J. Sylvester, complaining that the defendants violated his constitutional rights through deliberate medical indifference, notably through a failure to assign him an appropriate limited duty status.

In his original Complaint, the plaintiff alleged that he suffers with a serious back injury which requires surgical intervention. He asserted, however, that the defendants have ignored this problem and have failed to provide him with an appropriate duty status. In an Amended Complaint, the plaintiff provides additional factual information, specifically that his complaints have been ongoing since he arrived at LSP in September, 2004, at which time he was initially examined by Dr. Mai Tran and at which time he advised Dr. Tran of his back condition. Notwithstanding, the plaintiff complains that since that time, he has been examined by Drs. Tran, Huffman and Sylvester, none of whom have been willing to give him a limited duty status out of the LSP fields. He

further asserts that the defendants have failed and refused to provide him with medication which has been recommended by specialists for his pain.

Addressing first the motion for partial summary judgment, rec.doc.no. 41, the defendants assert, relying upon the pleadings, a Statement of Undisputed Facts, and a certified copy of the plaintiff's administrative remedy proceedings, previously filed into the record, that the plaintiff has failed to exhaust administrative remedies relative to certain of his claims against the defendants.  In this regard, pursuant to 42 U.S.C. § 1997e, the plaintiff was required to exhaust administrative remedies available to him prior to the institution of suit in federal court relative to prison conditions.  This provision is mandatory and allows for no exceptions.  Further, pursuant to well-established legal principles, summary judgment is appropriate where there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law.  Rule 56, Federal Rules of Civil Procedure. Supporting affidavits must set forth facts which would be admissible in evidence.  Opposing responses must set forth specific facts showing that there is a genuine issue for trial. Rule 56(e), Federal Rules of Civil Procedure.

From a review of the defendants' exhibits, it appears that the plaintiff commenced an administrative grievance in April, 2007.  In this grievance, he explicitly asserted that he was complaining only of the actions of Dr. Singh and Dr. Tran.  He complained that he was being forced to walk, bend, stand and sit for long periods of time.  He further asserted that he suffers with a back condition and that he was physically unable to perform the work that was being required of him.  He prayed to be allowed to see a physician and for a limited duty status which would address his limitations and complaints.

From the foregoing, it appears clear that the plaintiff has failed to exhaust administrative remedies relative to defendants Richard Stalder, Burl Cain, Dr. Huffman and Dr. Sylvester. These defendants are not mentioned in the grievance, and the plaintiff makes no suggestion in the grievance that any persons other than defendants Singh and Tran are responsible for his complaints. In fact, the petitioner explicitly states in the grievance that his complaints are directed only to defendants Singh and Tran. Further, the plaintiff makes no mention in the referenced grievance regarding any alleged failure to provide him with medication.[1] It appears clear, therefore, that the plaintiff has failed to exhaust administrative remedies relative to his claims asserted against defendants Stalder, Cain, Huffman and Sylvester, together with his claim regarding an alleged failure to provide him with medication. Accordingly, the motion for partial summary judgment, rec.doc.no. 41, should be granted, dismissing the plaintiff's claims against these four defendants and dismissing the plaintiff's claim relative to medication.

Turning to the motion to dismiss of defendants Dr. Singh and Dr. Tran pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, rec.doc.no. 40, a Complaint is subject to dismissal under this Rule if a plaintiff fails "to state a claim upon which relief can be granted." In Bell Atl. Corp. v. Twombly, _____ U.S. _____, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), the Supreme Court clarified the standard of pleading that a

---

[1] Although it appears that the plaintiff did in fact file an administrative grievance relative to an alleged failure to provide him with medication for pain, it further appears that this grievance was neither filed not completed at the time that the plaintiff filed the instant lawsuit in federal court. Accordingly, inasmuch as 42 U.S.C. § 1997e requires that administrative remedies be exhausted prior to the filing of a federal lawsuit, the filing of this grievance does not alter the Court's conclusion that the plaintiff failed to exhaust administrative remedies relative to this claim.

plaintiff must meet in order to survive a motion to dismiss under Rule 12(b)(6). The Court noted that "Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[.]'" Id., quoting Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). See also Erickson v. Pardus, ___ U.S. ___, 127 U.S. 2197, 167 L.Ed.2d 1081 (2007). Notwithstanding, although "detailed factual allegations" are not necessary to withstand a Rule 12(b)(6) motion to dismiss, a plaintiff must, in order to provide the "grounds" of "entitle[ment] to relief," furnish "more than labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, supra. See also Papasan v. Allain, 478 U.S. 265, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986). The Court stated that there is no "probability requirement at the pleading stage," Bell Atl. Corp. v. Twombly, supra, but "something beyond ... mere possibility ... must be alleged." Id. The facts alleged in the Complaint "must be enough to raise a right to relief above the speculative level," or must be sufficient "to state a claim for relief that is plausible on its face," Id. (abandoning the "no set of facts" language set forth in Conley v. Gibson, supra).

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court "must accept as true all of the factual allegations contained in the Complaint." Erickson v. Pardus, supra. See also Bell Atl. Corp. v. Twombly, supra. Further, "[a] document filed pro se is to be liberally construed ... and a pro se Complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, supra (citations omitted).

Initially, it appears that the plaintiff has named the defendants in both their individual and their official capacities.  Notwithstanding, § 1983 does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties.  Neither a State, <u>nor its officials acting in their official capacities</u>, are "persons" under § 1983.  <u>Will v. Michigan Department of State Police</u>, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).  Thus, it is clear that the plaintiff fails to state a claim under § 1983 against the defendants in their official capacities.

Turning to the plaintiff's claim against defendants Singh and Tran in their individual capacities, the defendants contend that at least part of the plaintiff's claim is barred by the applicable statute of limitations.  Specifically, the defendants contend that all aspects of the plaintiff's claim which originated more than one year prior to the commencement of his administrative grievance are time-barred.

In the Court's view, the defendants are correct in this assertion.  In evaluating a plaintiff's claim under § 1983, a federal court looks to the most consonant statute of limitations of the forum state.  <u>Owens v. Okure</u>, 488 U.S. 235, 109 S.Ct. 573, 102 L.Ed.2d 594 (1989); <u>Kitrell v. City of Rockwall</u>, 526 F.2d 715 (5th Cir.), <u>cert. denied</u>, 426 U.S. 925, 96 S.Ct. 2636, 49 L.Ed.2d 379 (1976).  For § 1983 cases brought in Louisiana federal courts, the appropriate statute of limitations is one year.  Louisiana Civil Code Article 3536; <u>Elzy v. Roberson</u>, 868 F.2d 793 (5th Cir. 1989); <u>Washington v. Breaux</u>, 782 F.2d 553 (5th Cir. 1986); <u>Kissinger v. Foti</u>, 544 F.2d 1257 (5th Cir. 1977).  Although the pendency of an administrative grievance will toll the running of the limitations period, the plaintiff did not commence an administrative proceeding relative to his claims until April, 2007.  Accordingly, it is clear that any claim

which the plaintiff may have regarding acts or omissions which allegedly occurred more than one year prior to such commencement, i.e., prior to April, 2006, are time-barred.

Turning to the plaintiff's claims asserted against defendants Tran and Singh arising after April, 2006, the defendants assert the defense of qualified immunity. Specifically, the defendants contend that the plaintiff has failed to allege conduct on their part which has violated the plaintiff's constitutional rights.

The qualified immunity defense is a familiar one and, employing a two-step process, operates to protect public officials who are performing discretionary tasks. Hale v. Townley, 45 F.3d 914 (5th Cir. 1995). As recently enunciated in Saucier v. Katz, 533 U.S. 194, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001), the first step in the analysis is to consider whether, taking the facts as alleged in the light most favorable to the plaintiff, the defendants' conduct violated the plaintiff's constitutional rights. Second, the district court must determine whether the rights allegedly violated were clearly established. This inquiry, the Court stated, must be undertaken in light of the specific context of the case, not as a broad, general proposition. The relevant, dispositive inquiry in determining whether a constitutional right was clearly established is whether it would have been clear to a reasonable state official that his conduct was unlawful in the situation which he confronted. Id.

Undertaking the Saucier analysis, the Court concludes that the defendants' motion is well-taken, and that the plaintiff's allegations fail to overcome the assertion of qualified immunity.

Initially, with regard to defendant Singh, the Court notes that the plaintiff has alleged only supervisory liability on the part of this defendant. Specifically, the plaintiff alleges that, as the medical

director at LSP, Dr. Singh should have screened the plaintiff's file and evaluated the care provided by examining physicians or health care providers. Pursuant to well-settled legal principles, however, in order for a person to be found liable under § 1983, he must either have been personally involved in conduct causing the alleged deprivation of constitutional rights, or there must be a causal connection between the actions of that person and the constitutional violation sought to be redressed. Lozano v. Smith, 718 F.2d 756 (5th Cir. 1983). Any allegation that defendant Singh is responsible for the actions of subordinates or co-employees is insufficient to state a claim under § 1983. Monell v. Department of Social Services, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). Accordingly, in the absence of any allegation that defendant Singh participated directly in providing the plaintiff with medical care, this defendant is entitled to judgment in his favor, dismissing the plaintiff's claims against him.

Turning the plaintiff's claim against the remaining defendant, Dr. Mai Tran, in order for an inmate to state a claim under the Eighth Amendment of improper or inadequate attention to medical needs, a prisoner must assert that appropriate care was denied and that the denial constituted "deliberate indifference to serious medical needs." Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Johnson v. Treen, 759 F.2d 1236 (5th Cir. 1985). Whether the plaintiff received the treatment or accommodation that he feels he should have is not the issue. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) supra; Woodall v. Foti, 648 F.2d 268 (5th Cir. 1981). Nor do negligence, neglect, unsuccessful medical treatment or even medical malpractice give rise to a § 1983 cause of action. Varnado v. Lynaugh, 920 F.2d 320 (5th Cir. 1991); Johnson v. Treen, supra. Rather, as stated in Farmer v.

Brennan, 511 U.S. 825, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994), "the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  In addition, prison work requirements may result in a violation of the Eighth Amendment when prison officials knowingly compel an inmate to perform physical labor which is beyond his physical capabilities, which endangers his life, or which is unduly painful. Howard v. King, 707 F.2d 215 (5th Cir. 1983).

In the instant case, applying the above standard, the Court concludes that the plaintiff has failed to sufficiently state a claim of deliberate medical indifference on the part of defendant Mai Tran occurring after April, 2006.  The defendants have produced voluminous medical records reflecting that the plaintiff's medical complaints have often been addressed and have not been ignored.  Pursuant to documents attached to the plaintiff's opposition to the defendants' motion, it appears that a diagnostic MRI was performed in November, 2006, and that after the results of that test disclosed degenerative disc disease in the plaintiff's low back, the plaintiff was granted a limited duty status and has been seen on a regular basis by orthopedists since that time, both at LSP and at outside facilities.  Even the plaintiff concedes in his administrative grievance that prison health care providers have taken ameliorative action in response to the objective findings revealed by the referenced MRI.  Accordingly, although it appears clear that the plaintiff has not been satisfied with the medical care which he has received at LSP, his complaints have nonetheless been attended to and have not been ignored.  Although the plaintiff asserts that he complained of back pain to health care providers from the time of his initial arrival at LSP, and that it has taken too long for his condition to be adequately investigated and diagnosed, there is nothing more than the plaintiff's conclusory

assertions to suggest that defendant Tran was subjectively aware, prior to the MRI in November, 2006, that the plaintiff's complaints were well-founded.  In the prison context, it is axiomatic that certain inmates will seek to avoid difficult labor assignments by asserting medical limitations.  In the absence of anything other than the plaintiff's conclusory assertions that the defendant intentionally caused the plaintiff harm or knew that such harm was certain to follow from her actions, however, the Court is unable to conclude that defendant Tran has been deliberately indifferent to the plaintiff's serious medical needs.  To the contrary, the most which may be inferred from the plaintiff's allegations is that the defendant's conduct has amounted to negligence, neglect or medical malpractice, which is not a cognizable claim under § 1983.  <u>Oliver v. Collins</u>, 904 F.2d 278 (5th Cir. 1990); <u>Thompkins v. Belt</u>, 828 F.2d 298 (5th Cir. 1987).  Accordingly, on the record before the Court, there is no reasonable basis for the imposition of liability against defendant Tran on this claim.[2]

<u>RECOMMENDATION</u>

It is recommended that the motion for partial summary judgment, rec.doc.no. 41, be granted, dismissing the plaintiff's claims against defendants Richard Stalder, Burl Cain, Dr. Huffman and Dr. Sylvester, and dismissing the plaintiff's claim of an alleged denial of medication for failure to exhaust administrative remedies as mandated by 42 U.S.C. §

---

[2] Although not before the Court on a motion to dismiss pursuant to Rule 12(b)(6), the Court notes that the plaintiff's medical records predating the November, 2006, diagnostic MRI reflect that earlier x-rays of the plaintiff's back provided little objective support for his claims of back injury, and that there were numerous noted concerns by prison health care providers that the plaintiff was exaggerating his complaints in an effort to avoid onerous work assignments in the LSP fields.

1997e.  It is further recommended that the motion to dismiss of the remaining defendants, rec.doc.no. 40, be granted, dismissing the plaintiff's claims, with prejudice, and that this action be dismissed.

Signed in chambers in Baton Rouge, Louisiana, November 7, 2008.

**MAGISTRATE JUDGE CHRISTINE NOLAND**